IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GENERAL ELECTRIC CO., | No.: _____ |
| Plaintiff, | |
| v. | |
| UNIVERSITY OF VIRGINIA PATENT FOUNDATION D/B/A UNIVERSITY OF VIRGINIA LICENSING & VENTURES GROUP, | |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff General Electric Company ("GE") hereby files this Complaint for Declaratory Judgment against Defendant University of Virginia Patent Foundation d/b/a University of Virginia Licensing & Ventures Group ("UVAPF") and alleges as follows:

**NATURE OF THIS ACTION**

1. This is an action for declaratory judgment of unenforceability of surrendered United States Patent No. 7,164,268 ("the '268 patent) and non-infringement of the '268 patent and reissued United States Patent No. RE44644 ("the '644 patent") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and for such other relief as the Court deems just and proper.

**PARTIES**

2. Plaintiff GE is a New York corporation with a principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 06828. GE Healthcare is a major business unit of General Electric Company. GE Healthcare's Magnetic Resonance (MR) division provides a wide range of technologies and services for clinicians and healthcare administrators, including magnetic resonance imaging ("MRI") systems. GE Healthcare's MR division is based in

Waukesha, Wisconsin.

3. On information and belief, UVAPF is a not-for-profit Virginia corporation having a principal place of business at 250 West Main St., Suite 300, Charlottesville, Virginia 22902.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35, United States Code, 35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202 and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

5. Upon information and belief, this Court has personal jurisdiction over UVAPF because, *inter alia*, UVAPF regularly conducts business in this jurisdiction through the licensing and enforcement of its patents, including the '644 patent, directed at GE Healthcare's MR division.

## FACTS GIVING RISE TO THIS ACTION

6. GE realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 5 as though fully set forth herein.

7. GE is a leader in the development of magnetic resonance ("MR") imaging technology and one of the world's largest providers of MR imaging systems. By 2008, GE had released a 3D fast spin echo (FSE) sequence known as Cube™ for its MR imaging systems, including its Signa HDxt 1.5T and 3T platforms ("Cube™ products").

8. UVAPF purports to own rights in the '268 patent and the '644 patent.

9. The '268 patent is entitled "Method and Apparatus for Spin-Echo Train MR Imaging Using Prescribed Signal Evolutions" and bears an issuance date of January 16, 2007. A copy of the '268 patent is attached hereto as Exhibit A.

10. The '644 patent is a reissue of the '268 patent. The reissue application that led to the '644 patent bears a filing date of January 15, 2009 and an issuance date of December 17, 2013. A copy of the '644 patent is attached hereto as Exhibit B.

11. On or about April 15, 2014, GE received a letter from Christopher Paschall, Ph.D, the Licensing Manager at UVAPF, informing GE that the surrendered '268 patent and reissued '644 patent "are currently available for licensing." The letter further noted that "GE's MR systems include a pulse sequence called CUBE," and that "GE may wish to have its patent counsel examine these patents (*see, e.g.*, claims 75, 79, 85, and 90 of the RE44,644 patent and claims 1-3 of the '268 patent) to determine whether a non-exclusive license is needed under the patents." A copy of UVAPF's April 15, 2014 letter is attached hereto as Exhibit C.

12. On or about May 16, 2014, GE responded to UVAPF's April 15, 2014 letter. GE indicated that it was in the process of reviewing UVAPF's patents. A copy of GE's May 16, 2014 letter is attached hereto as Exhibit D.

13. On or about August 6, 2014, GE sent another response to UVAPF's April 15, 2014 letter. GE indicated that after careful review of the '268 and '644 patents, GE had "determined that GE Healthcare's CUBE pulse sequence does not infringe any of the claims of the '268 or '644 patents, and therefore, does not need a license under the patents." A copy of GE's August 6, 2013 letter is attached hereto as Exhibit E.

14. On or about August 7, 2014, UVAPF responded via email to GE's August 6, 2013 letter. UVAPF's email indicated "confus[ion] by GE's response, particularly as it relates to claim 75 of the '644 patent. **All fast-spin-echo pulse sequences, not just CUBE, perform the steps in claim 75 quoted in your letter** . . . ." (emphasis added) A copy of UVAPF's August 7, 2014 correspondence is attached hereto as Exhibit F.

15. Following UVAPF's infringement allegations in its August 7, 2014 correspondence, the parties entered into a Forbearance Agreement. Pursuant to the Forbearance Agreement, UVAPF agreed to provide GE a claim chart describing how GE's products allegedly infringe the claims of the '268 and '644 patents. In addition, GE and UVAPF each agreed not to file an action against one another during a Forbearance Period. A copy of the Forbearance Agreement is attached as Exhibit G.

16. GE has had several written and in-person discussions with UVAPF during the

Forbearance Period. Those discussions include an in-person meeting in Waukesha, WI on September 19, 2014, attended by GE technical and legal personnel and, for UVAPF, by Dr. Mugler, a named inventor of the '268 and '644 patents, Robert Decker, UVAPF's general counsel and the prosecuting attorney of the '268 and '644 patents, and Michael Shore and Joseph DePumpo of Shore Chan DePumpo LLP, outside counsel for UVAPF.

17. An Amendment to the Forbearance Agreement was executed by GE and UVAPF extending the Forbearance Period "through December 8, 2014." A copy of Amendment No. 1 To Forbearance Agreement is attached as Exhibit H.

18. A second in-person meeting was held in Waukesha, WI on November 17, 2014 and was attended by GE technical personnel, inside counsel, and outside counsel and, for UVAPF, by Dr. Mugler, Mr. Shore, and Mr. DePumpo. Mr. Decker and Chris Paschall, licensing manager for UVAPF, attended the meeting telephonically.

19. GE and UVAPF have not reached agreement regarding UVAPF's allegation of infringement of the '268 and '644 patents by the GE Cube™ product.

20. On information and belief, the Forbearance Period expires at 11:59 pm Eastern Standard Time on December 8, 2014.

21. UVAPF's conduct has created a substantial controversy between GE and UVAPF of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

### FIRST CAUSE OF ACTION

**Declaratory Judgment of Unenforceability of the '268 Patent**

22. GE realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

23. Under 35 U.S.C. § 251, the USPTO is authorized to "reissue the patent for the invention disclosed in the original patent" only "on the surrender of such patent."

24. Because UVAPF surrendered the '268 patent to obtain the reissued '644 patent, UVAPF has no rights to enforce the '268 patent.

25. As a result of the acts and facts alleged in the foregoing paragraphs, there exists a

substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

26. A judicial declaration is necessary and appropriate so that GE and its customers may ascertain their rights regarding the '268 patent.

## SECOND CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of the '268 Patent

27. GE realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 26 as though fully set forth herein.

28. GE and its customers have not infringed, and do not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, any valid enforceable claim of the '268 patent in connection with any Cube™ products.

29. As a result of the acts and facts alleged in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30. A judicial declaration is necessary and appropriate so that GE and its customers may ascertain their rights regarding the '268 patent.

## THIRD CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement of the '644 Patent

31. GE realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 30 as though fully set forth herein.

32. GE and its customers have not infringed, and do not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, any valid enforceable claim of the '644 patent in connection with any Cube™ products.

33. As a result of the acts and facts alleged in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

34. A judicial declaration is necessary and appropriate so that GE and its customers

may ascertain their rights regarding the '644 patent.

## PRAYER FOR RELIEF

WHEREFORE, GE seeks the following relief from this Court:

A. Judgment declaring that the '268 patent is unenforceable;

B. Judgment declaring that GE has not infringed and will not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, any valid enforceable claim of the '268 patent, by making, using, selling, offering for sale, or importing Cube™ products;

C. Judgment declaring that GE has not infringed and will not infringe, literally or under the doctrine of equivalents, directly, indirectly, or by inducing or contributory infringement, any valid enforceable claim of the '644 patent, by making, using, selling, offering for sale, or importing Cube™ products;

D. A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285;

E. An award of GE's reasonable attorneys' fees; and

F. Grant GE such other and further relief as this Court may deem just and proper.

# JURY DEMAND

Plaintiff GE hereby requests a trial by jury on all issues so triable.

Respectfully submitted this 8th day of December 2014.

        s/ David A. Rammelt
        Brian D. Roche (*pro hac vice* application to be filed)
        David A. Rammelt Bar Number: 1033610
        REED SMITH LLP
        10 South Wacker Drive
        Chicago, IL 60606-7507
        Telephone: +1 312 207 1000
        Facsimile: +1 312 207 6400

        David T. Pollock (*pro hac vice* application to be filed)
        Jonathan I. Detrixhe (*pro hac vice* application to be filed)
        REED SMITH LLP
        101 Second Street, Suite 1800
        San Francisco, CA 94105-3659
        Telephone: +1 415 543 8700
        Facsimile: +1 415 391 8269

        Attorneys for Plaintiff General Electric Co.